### BIOGRAPH CO. v. INTERNATIONAL FILM TRADERS.

(Supreme Court, Appellate Term.   May 9, 1912.)

REPLEVIN (§ 16*)—RIGHT OF ACTION—TITLE OR RIGHT OF PLAINTIFF.
    Plaintiff was licensed by the patentee of moving picture films to manufacture such films and to lease them to such exhibitors as had been licensed by the patentee, and leased films to exhibitors licensed by the patentee on condition that the ownership of each film should remain in it as the licensed manufacturer.   *Held,* that a sale by plaintiff's lessee in violation of the terms of the lease was a conversion, and that plaintiff could maintain replevin against a person so acquiring possession of the films.

    [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 115–117; Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Biograph Company against the International Film Traders.   From a judgment of the Municipal Court of the City of New York in favor of the defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Waldo & Ball, of New York City (G. E. Waldo, of New York City, of counsel), for appellant.

Louis J. Rosett, of New York City, for respondent.

SEABURY, J.   This action is brought to replevin certain moving picture films.   The plaintiff is the licensee under patents owned by the Motion Picture Patents Company.   Under the license given to the plaintiff, it was authorized to manufacture such motion picture films, and to lease them to such exhibitors or owners of motion picture shows as had been licensed by the Motion Picture Patents Company to exhibit the same.   All the picture films now sought to be replevined

were manufactured by the plaintiff, and were leased to exchanges licensed by the Motion Picture Patents Company, upon the terms and conditions of the license agreement from the Motion Picture Patents Company to said exchanges. Among the terms and conditions contained in the license agreement is a provision that the ownership of each licensed motion picture film shall remain in the licensed manufacturer or importer from whom it may have been leased by the licensee.

The films sought to be replevined relate to pictures known as "Thou Shalt Not," "The Usurer," "The Convert," "A Trap for Santa Claus," "Through the Breakers," "The Duke's Plan," "The Ways of Man," "The Resurrection," and "The Brahma's Diamond." Upon the trial the plaintiff proved that it had manufactured the films to these pictures, and that they all bore the trade-mark of the plaintiff. Evidence was also offered to show that the plaintiff had leased these films only to exchanges licensed by the Motion Picture Patents Company. It was conceded that the defendant was not a licensed exchange, and it was established by the evidence that no one had been authorized to sell the films to the defendant. The evidence established very clearly the identity of the films as those which had been manufactured by the plaintiff. The defendant conceded that he had had no business relations with the plaintiff in reference to these films, and claimed that he had purchased the films in Europe. The testimony as to the person from whom he purchased them is not clear, but it is apparent that the defendant failed to show that he purchased the films from any person having a lawful right to sell them.

We are of the opinion that the plaintiff established its right to the films in question. Its property right in the films was proven. This property right was subject to the terms and conditions of the license agreement of the Motion Picture Patents Company. If any person who obtained possession of these films undertook to sell them, in violation of the terms of the agreement pursuant to which the plaintiff was authorized to manufacture and lease them, he did so unlawfully. Such action was a conversion of the films, and such a person could confer upon the purchaser no better title than he himself possessed. The evidence shows that the plaintiff's property was found in the possession of the defendant, and, the defendant having shown no lawful right to the property, it follows that the plaintiff should have been awarded judgment for the return of the films in question.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.